## DOZIER *vs.* DOZIER.

1. When the plaintiff's affidavit, under the Act of Dec. 11, 1858, preliminary to suing out a *ca. sa.* against the defendant, states that the defendant "has money," etc. : *Held*, That to be a sufficient description of the property to authorize a *ca. sa.* to issue.

*Ca. Sa.*, in Marion Superior Court. Decision by Judge Worrill, March Term, 1860.

Thomas Dozier, sen., having obtained a judgment against Thomas H. Dozier, and desirous of issuing a *capias ad satisfaciendum* against him, made affidavit under the Act of Dec. 11, 1858, "that he has just cause to believe that the defendant, the said Thomas H. Dozier, has money which he cannot reach by *fieri facias.* Upon this affidavit a *ca. sa.* issued, and defendant was arrested. At the term to which the *ca. sa.* was returnable, plaintiff moved to enter judgment on the *ca. sa.* bond, upon the ground that no schedule of defendant's

property had been filed, and that he did not appear in Court.

To this order counsel for defendant objected, and moved to dismiss the *ca. sa.* and proceedings thereon, upon the ground that the affidavit was insufficient and defective, and did not authorize the issuing of the *ca. sa.*, because no *amount* of money is therein specified as belonging to, or in possession of defendant.

The Court sustained the motion and dismissed the *ca. sa.*, and counsel for plaintiff excepted.

INGRAM & RUSSELL, for plaintiff in error.

BLANDFORD & CRAWFORD, *contra*.

*By the Court.*—LYON, J., delivering the opinion.

Was the affidavit made and filed by the plaintiff, preliminary to suing out the *ca. sa.*, sufficient to authorize the issuing of that writ?

The Act of the Legislature of Dec. 11, 1858, requiring this affidavit, is in these words:

"SEC. 1. *Be it enacted*, That from and after the passage of this Act, no *capias ad satisfaciendum* shall issue against the body of any defendant, from any Court of this State, until the plaintiff, his agent or attorney, shall have first filed an affidavit in the Clerk's office of the Court in which judgment has been obtained, or with the Justice of the Peace, by whom the same may have been rendered, stating that he has just cause to believe that the defendant has money or property which cannot be reached by the *fieri facias*, other than such as is allowed by law, or that the defendant has property which is beyond the jurisdiction of the Court in which said judgment has been rendered. The affidavit must state of what the property consists, particularly describing the same."

The affidavit filed in this case recites that the defendant " has money which cannot be reached by *fieri facias*." This is the only property or description given. We think the description sufficiently full and certain to authorize the writ to issue. The description is in the words of the statute. If the affidavit was required to state what kind of money it was

that defendant had, it would be equivalent to saying that a *ca. sa.* could not issue on that ground, no matter how much money the defendant was possessed of. For although one may see and know that another has money, yet, it would be very difficult to tell what kind of money it was, unless a closer inspection was allowed than is customary or usual with one who is concealing from a creditor. But a description that it was of a particular kind of money would not mend the matter; for whether on one bank or another, it is still money. If it be said that the proper description would be to state the amount, we reply, that the statute does not require that to be done. The affidavit is in the words of the statute, and where that is so, we will not require more to be done, especially when to require more would be to deny the right.

Judgment reversed.